In the Matter of Underpinning & Foundation Company, Inc., Petitioner, against Lawrence E. Gerosa, as Comptroller of the City of New York, Respondent.

First Department, April 9, 1957.

*Patrick H. Sullivan* of counsel (*Ansley Kime* with him on the brief; *Whitman, Ransom & Coulson,* attorneys), for petitioner.

*Isadore Friedman* of counsel (*Stanley Buchsbaum* and *Morris L. Heath* with him on the brief; *Peter Campbell Brown, Corporation Counsel*), for respondent.

*Per Curiam.* This is an article 78 proceeding instituted by petitioner to review the assessment of a sales tax deficiency. The comptroller's final determination is warranted by the record and should be confirmed (see *Buckley Funeral Home* v. *City of New York,* 277 App. Div. 1096).

We take this occasion, however, to reiterate our holding in *Matter of McCall Corp.* v. *Gerosa* (2 A D 2d 358) with respect to the imposition of penalties. In that case we remanded the matter to the comptroller to consider the application for a remission of the penalties and stated (pp. 361-362) that "If an appropriate protest is duly made, the taxpayer is entitled

to be heard, and the comptroller should state the reason for his decision that the delay in payment was not excusable, if he does not remit the penalties upon his own initiative.''

The petitioner here asserts that penalties were improperly imposed because '' of the doubtful validity of the  *  *  *  tax deficiency ''. That, without more, is not an excusable delay for the failure to make payment.

The comptroller, however, urges that our determination in *Matter of New Yorker Mag.* v. *Gerosa* (2 A D 2d 600) obviates the requirement which we enunciated in the *McCall* case for a finding that the delay in payment was not excusable in a matter where he does not remit penalties.

In the *New Yorker* case we held (p. 605) that '' With regard to the imposition of penalties and interest  *  *  *  it is found that the comptroller acted properly within his power and discretion.'' Our conclusion was borne out by the record and may not be interpreted as a variance from our direction in the *McCall* case for a finding by the comptroller where the taxpayer duly raises the issue as to excusable delay, and offers proof to support such protest.

In *McCall,* where protest was made against the imposition of penalties, the record was replete with facts and circumstances sufficient for the comptroller to find that the penalties were excusable. That is not the situation here. Although petitioner did refer to the imposition of penalties in its application for a hearing, it was confined to an attack on the legality and constitutionality of the '' provisions of the Local Laws under which  *  *  *  additional taxes are sought to be exacted ''. No proof of facts or circumstances was offered at the hearing to establish that the delay in payment of the tax was excusable. Unless that is done there is no foundation provided for the comptroller to exercise the broad power vested in him by the General City Law and the Administrative Code to remit penalties.

In sum, where a taxpayer protests the imposition of penalties and upon the hearing offers proof to support the protest, the comptroller should, for the reasons stated in the *McCall* case, disclose the grounds for his ruling on the question.

The determination should be confirmed.

Peck, P. J., Botein, Rabin, Frank and Valente, JJ., concur.

Determination unanimously confirmed, with $50 costs and disbursements to the respondent.